## EXHTBTT A

**Fox Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iON Worldwide Inc., et al., | Case No. 16-11543 (LSS) and |
| Debtors.[1] | 16-11544 (LSS) |
| | (Joint Administration Requested) |

### DECLARATION AND DISCLOSURE STATEMENT ON BEHALF OF OLSHAN FROME WOLOSKY LLP PURSUANT TO SECTIONS 327, 329 AND 504 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b)

Michael Fox makes this declaration under 28 U.S.C. § 1746, and states:

1.     I am a member of the firm of Olshan Frome Wolosky LLP ("Olshan"), a law firm with principal offices at 1325 Avenue of the Americas, New York, New York 10019.[2]

2.     I submit this Declaration to provide the disclosure required under Bankruptcy Rules 2014(a) and 2016(b) in connection with the Application of the above-captioned Debtors and Debtors in possession for approval of the Debtors' retention of Olshan as its attorneys in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code and Local Rule 20141. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Olshan's completion of further review or as additional party in interest information becomes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: iON Worldwide Inc. (3211); iON America LLC (2612).

The Debtors' corporate headquarters is located at, and the mailing address for each Debtor is, 513 South Lenola Road, Suite 208, Moorestown, NJ 08057.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

3.      The Debtors have selected Olshan as its attorneys because of Olshan's knowledge of the Debtors' business and financial affairs and its extensive general experience and knowledge in the field of Debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Olshan has served as corporate counsel to the Debtors since [2016]. Prior to the Petition Date, Olshan also provided restructuring advice and assistance in the preparation for the bankruptcy filing.

4.      Neither I, nor any member, counsel to, or associate of Olshan represents any entity other than the Debtors in connection with these chapter 11 cases. In addition, to the best of my knowledge, after due inquiry, neither I, nor Olshan, nor any member, counsel to, or associate of Olshan represents any party in interest in these chapter 11 cases in matters related to these chapter 11 cases, except as set forth below.

### Olshan's Disclosure Procedures

5.      In preparing this Declaration, and as detailed more fully below, Olshan has reviewed the list of secured and unsecured creditors, landlords, equity security holders and other parties in interest of the Debtors provided to us by the Debtors. A list of names Olshan ran through its conflicts check are attached as **Schedule 1** hereto. Olshan maintains a computerized conflicts check system. Olshan has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Declaration as to the relationship between Olshan and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in section 101(14) of the Bankruptcy Code, are based on the results of my review of Olshan's conflict check system.

2

Based upon such search, it is submitted that Olshan does not represent any entity in any matter involving or adverse to the Debtors or which would constitute a conflict of interest or impair the disinterestedness of Olshan in respect of its representation of the Debtors herein.

6.    Olshan's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Olshan, and it is the regular practice of Olshan to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Olshan and in my practice of law.

### Olshan's Disinterestedness

7.    To the best of my knowledge, formed after a reasonable inquiry, Olshan neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of section 101(14) of the Bankruptcy Code.

8.    As of the Petition Date, no counsel to, or member, associate or employee of Olshan holds any claims against, stock of, or other interests in the Debtors and no such individuals were ever employed by any of the Debtors.

9.    As part of its practice, Olshan appears in cases, proceedings, and transactions involving many different attorneys, accountants, and financial consultants, some of which now or may in the future represent claimants and other parties in interest in this case. Olshan has not represented, and will not represent, any of such parties in relation to the Debtors or their chapter 11 cases.

10.    Olshan will continue to apply its firm disclosure procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court.

3

3607368-1

11.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Olshan does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Olshan is to be employed, and Olshan is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### Olshan's Retainer, Rates, and Billing Practices

12.     Olshan received an initial retainer of $75,000.  Thereafter, Olshan provided restructuring and other advice to the Debtors and assisted the Debtors in the preparation of its chapter 11 filing. On account of such services, Olshan has received further additional advances which in the aggregate total approximately $315,000.  Against these advances and through June 23, 2016 , Olshan rendered invoices totaling approximately  $240,000.  As a result Olshan now holds a chapter 11 retainer of approximately $75,000.

13.     The Debtors understand that Olshan hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further Orders of this Court for all services performed and expenses incurred after the Petition Date.

14.     For services rendered by Olshan in this case, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further Orders of this Court, propose to pay Olshan its customary hourly rates for services rendered that are in effect from time to time, set forth herein, and to reimburse Olshan according to its customary reimbursement policies.

15.     Olshan's hourly rates are set at a level designed to compensate Olshan fairly for the work of its attorneys and paralegals and to cover fixed and routine over head expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly

4

rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Olshan's current hourly rates for matters related to these chapter 11 cases range as follows:

| | |
|---|---|
| Partners: | $540 - $795 |
| Associates: | $290 - $540 |
| Legal Assistants: | $150 - $325 |

25.    I am expected to have primary responsibility for providing services to the Debtors ($710/hr.). I will be assisted by: Adam Friedman, $690/hr., and Jonathan Koevary, $540/hr., who will be supported by Lauren Irby, $290/hr. In addition, as necessary, other Olshan professionals and paraprofessionals will provide services to the Debtors.

16.    If at any time Olshan increases the hourly rate for its services and/or expense rate, Olshan will file a supplemental affidavit with the Court describing any such increases and provide notice of these increases to the Office of the United States Trustee.

17.    No promises have been received by Olshan, or any member, counsel, or associate thereof, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Engagement Letter. Olshan has no agreement with any other entity to share with such entity any compensation received by Olshan or by such entity.

18.    The Application requests approval of the retention of Olshan on rates, terms and conditions consistent with what Olshan charges non-chapter 11 debtors, namely, prompt payment of Olshan's hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, Olshan intends to

3607368-1

apply pursuant to section 330 of the Bankruptcy Code for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

19.    The foregoing constitutes the statement of Olshan pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2014-1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 23, 2016

/s/ Michael Fox
Michael Fox

**Schedule 1 to Fox Declaration**

**Interested Parties**

## Interested Persons for Conflict Check

### Subsidiaries
World Wide Licenses Ltd.
iON Cameras Ltd.
iON America LLC
Summit Global Japan KK (subsidiary of World Wide Licenses Ltd.)

### Executive Management and Directors
Giovanni Tomaselli
Christopher Oatway

### Equity Holders and Investors:
2118278 Ontario Ltd.
2208742 Ontario Inc. c/o Simon Serruya
2436942 Ontario Inc.
2443904 Ontario Inc.
2443904 Ontario Inc. c/o Micharl Galloro
2464344 Ontario Inc.
3R Racing
Alex Igelman
Amanda Alvaro
Bernard Zaionz
BMK Capital Corp.
BMO Nesbitt Burns ITF 365-25523-28
BMO Nesbitt Burns ITF 365-26077-26
BMO Nesbitt Burns ITF 365-27430-26
BMO Nesbitt Burns ITF 365-27884-27
BMO Nesbitt Burns ITF 365-99784-27
BMO Nesbitt Burns ITF David Morritt
BMO Nesbitt Burns ITF Joseph Adamo
BMO Nesbitt Burns ITF Magal Group S.A. Panama
BMO Nesbitt Burns ITF Margarita Fulawka
BMO Nesbitt Burns ITF Tony and Diana Pialis
Brian Reid
Canaccord Genuity Corp. ITF Graham Saunders
Canaccord Genuity Corp. ITF: Daniel Daviau IT Maxwell Daviau
Colby Capital Limited
Curtis Cusinato
Curtis Cusinato
Damon Ockey
Daniel Santana S.

Dark Bay International
Dark Horse Financial Corp.
David Igelman
David McFadgen
DBS Capital Ltd.
Defrancesco Morotsports Inc.
Delavaco Holdings Inc.
Donald Goss
DSB Capital Inc.
EBGrow Investments Corp.
Fruzer Inc.
Geraldo Rodrigues
Globalive Capital Inc.
GMP Securities L.P.
GMP Securities L.P. ITF #300-2W10-F
GMP Securities L.P. ITF #400-QHP0-F
GMP Securities L.P. ITF #400-R630-F
GMP Securities L.P. ITF Account # 300-1HA0-F
GMP Securities L.P. ITF Account # 400-QYR0-F
GMP Securities L.P. ITF Account # 400-QYR0-F
GMP Securities L.P. ITF Account #300-2A00-F
GMP Securities L.P. ITF Account #300-2W10-F
GMP Securities L.P. ITF Account #400-NHR0-F
GMP Securities L.P. ITF Account #410-DMD0-F
Guiseppe Lombardi
Gundyco ITF Newgen Trading Fund
Gundyco ITF Newgen Trading Fund LP
Gundyco ITF Newgen Trading Master Fund
Gundyco ITF Polaris Event Trading Fund
Kim POV LLC
Luna Igelman
Marcandy Investments Corp.
Margo Young
Maria McCabe
Marvin Igelman
Marvin Igelman
MM Investments Limited
MOS Holdings Inc.

Namaste Gorgie Inc.
NBCN Inc. in trust for A/C# 5FKDFZA
NBCN Inc. in trust for J.C. Clark Adaly
Fund
NBCN Inc. in trust for Jason Jacobson
NBCN Inc. in trust for Jim Christodoulis
NBCN Inc. in trust for Kevin Gordon
NBCN Inc. in trust for Mathew Malowney
NBCN Inc. In trust for Ramble Holdings
Limited
NBCN Inc. ITF AC 5FKDGSB
Philip Christodoulis
Rajiv Rai
Royer & Co. for the Account of State Street
Rubin Rapuch
Scott Secord
Sextant iON Worldwide LLC
Simon Igelman
Sylvadene Parkway Limited
Sylvadine Parkway Limited

**Secured Lenders and Agents:**
Kim Pov LLC
Sky Light Holdings Limited

**Debtors' Cash Management Bank**
Wells Fargo Bank

**Landlords**
John B. Ravikio, agent for The Estate of
Edna M. Ravikio Trust Blason IV

**Bankruptcy Judges for the District of
Delaware**
Chief Judge Brendan L. Shannon
Judge Kevin J. Carey
Judge Kevin Gross
Judge Laurie Selber Silverstein
Judge Christopher S. Sontchi
Judge Mary F. Walrath

**Office of the United States Trustee for
District of Delaware**
T. Patrick Tinker
David Buchbinder
Linda Casey

Natalie Cox
Timothy Fox
Benjamin Hackman
Jane Leamy
Mark Kenney
Hannah McCollum
Tiiara Patton
Juliet Sarkessian
Richard Schepacarter

**Restructuring and Other Related
Professionals**
A.M. Saccullo Legal, LLC
Ironhawk Advisory Group, LLC

3607368-1