**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iON Worldwide Inc., et al., | Case No. 16-11543 (LSS) |
| Debtors.[1] | (Jointly Administered) |

*These notes (the "<u>Global Notes</u>") regarding the Debtors' Schedules of Assets and Liabilities (the "<u>Schedules</u>") and Statements of Financial Affairs (the "<u>Statements</u>") comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.*

1.  The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") have prepared these unaudited Schedules and Statements pursuant to section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.  Except where otherwise noted, the information provided herein is as of June 24, 2016 and, unless otherwise noted, values of assets and liabilities provided represent book values as of such date, which may or may not be reflective of market value, and may have been subsequently modified or corrected.  While the Debtors have made every reasonable effort to ensure that the Debtors' Schedules and Statements are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and Statements.  Moreover, because the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate.

2.  In reviewing and signing the Schedules and Statements, Chris Oatway, Chief Financial Officer (the "<u>CFO</u>") has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors, as well as information contained in the Debtors' books and records.  The CFO has not (and could not have) personally verified the accuracy of each such statement and representation, including but not limited to statements and representations concerning amounts owed to creditors and their addresses.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: iON Worldwide Inc. (3211); iON America LLC (2612).

*These Global Notes regarding the Debtors' Schedules and Statements comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.*

3.  The Debtors reserve the right to amend the Schedules and Statements as they determine may be necessary or appropriate in their sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim or other item reflected on the Schedules or Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." These Global Notes will apply to all such amendments. Furthermore, nothing contained in the Schedules or Statements shall constitute a waiver of the Debtors' rights with respect to these chapter 11 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

4.  Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." Additionally, the dollar amounts of claims listed may be exclusive of additional contingent and/or unliquidated amounts. Further, the claims of individual creditors for, among other things, goods, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to any such credits and allowances.

5.  Some of the Debtors' assets and liabilities are unknown and/or unliquidated as of close of business on June 24, 2016. In such cases, the amounts are listed as "unknown." Accordingly, the Schedules may not accurately reflect the aggregate amount of the Debtors' current assets and liabilities.

6.  At times, the preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of expenses during the reporting period. Actual results could differ from those estimates. Pursuant to Fed. R. Bankr. P. 1009 and Del. Bankr. L.R. 1009-2, the Debtors may amend their Schedules as they deem necessary and appropriate to reflect material changes, if any, that arise during the pendency of their chapter 11 cases. In addition, the Debtors reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules.

7.  The various asset values and claim amounts set forth in the Debtors' Schedules and Statements are generally based on the Debtors' balance sheet which was prepared in accordance under generally accepted accounting principles in the United States ("GAAP"). Such listed values and claim amounts may differ from market value or other methods of valuation for any given asset value or claim amount. The listing of a given value or claim amount in the Schedules and Statements is not an admission that GAAP and/or the Debtors' books and records is the appropriate valuation methodology with respect to any specific purpose and the Debtors reserve all rights to assert that a different methodology is

ii

*These Global Notes regarding the Debtors' Schedules and Statements comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.*

appropriate and correct for such purpose, even where such methodology yields a different result.

8.  For the purposes of Schedule A/B, question 74, the Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

9.  The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule E are actually entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to assert that claims identified on Schedule E are not claims that are entitled to priority.

10. Pursuant to an order of the Bankruptcy Court dated June 28, 2016, the Debtors are authorized to pay, and have paid, certain prepetition obligations for employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Therefore, the Debtors believe that certain claims otherwise entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code have been satisfied in the ordinary course, and such claims have not been listed on the Debtors' Schedule E.

11. For the purposes of Schedule G, the Debtors believe they have only scheduled executory contracts to which the Debtors are a party or may be contractually and/or directly liable to perform. Similarly, for the purposes of the other Schedules, no claims have been scheduled that may have benefited directly or indirectly from a contractual relationship to which the Debtors were not a named party.

12. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G. Certain of these executory agreements may not have been memorialized in writing and/or could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. Certain of the

iii

*These Global Notes regarding the Debtors' Schedules and Statements comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.*

contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G.  However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

13. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

14. For the purposes of Schedule H, the Debtors have not included their insurers, one or more of whom may be liable as "co-debtors" for one or more the debts listed on Schedules D-G or otherwise.

15. With respect to question 3 of the Statements, payments to the professionals listed in response to question 11 of the Statements are omitted from the responses to this question.

16. With respect to questions 4, 28, 29 and 30 of the Statements, the listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an insider, and does not act as an admission of any fact, claim, right or defense, and all such right, claims and defenses are hereby reserved.

17. With respect to questions 6 and 13 of the Statements, in the ordinary course of business certain of the Debtors' creditors, such as utilities and professionals, may have setoff all or part of unpaid invoices against items such as security deposits or retainers previously provided to such creditors by the Debtors.  These creditors are not listed in response to questions 6 and 13.  Likewise, bank fees deducted from bank accounts of the Debtors are not listed in response to questions 6 and 13.  To the extent that these accounting entries could be considered setoffs, such setoffs are not listed in response to question 13.

18. With respect to question 28 of the Statements, officers and directors of any Debtor who have ceased to be officers or directors of that Debtor after June 24, 2016 have been omitted from the response to question 28 of the Statements.

19. The Debtors and their employees, agents, attorneys and other professionals do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While every effort has been made to provide accurate and complete information herein, inadvertent

iv

*These Global Notes regarding the Debtors' Schedules and Statements comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.*

errors or omissions may exist.  The Debtors and their employees, agents, attorneys and other professionals expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their employees, agents, attorneys or other professionals be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their employees, agents, attorneys and other professionals are advised of the possibility of such damages.

Fill in this information to identify the case:

Debtor name _____ ION WORLDWIDE INC _____

United States Bankruptcy Court for the: _____ District of __DE__
(State)

Case number (If known): __16 - 11543__

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

---

**Part 1:**    **Income**

1. **Gross revenue from business**

   ☒ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:** From _____ to Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
   | **For prior year:** From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
   | **For the year before that:** From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:** From _____ to Filing date<br>MM / DD / YYYY | _____ | $_____ |
   | **For prior year:** From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $_____ |
   | **For the year before that:** From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $_____ |

---

Debtor _____ ION WORLDWIDE INC _____          Case number (if known) _16 - 11543_
    Name

---

**Part 2:**  **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1. | | | | |
| | Creditor's name | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors<br>☐ Services |
| | City          State      ZIP Code | _____ | | ☐ Other _____ |
| 3.2. | | | | |
| | Creditor's name | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors<br>☐ Services |
| | City          State      ZIP Code | _____ | | ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | | |
| | Insider's name | _____ | $_____ | _____ |
| | Street | _____ | | _____ |
| | City          State      ZIP Code | _____ | | _____ |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 4.2. | | | | |
| | Insider's name | _____ | $_____ | _____ |
| | Street | _____ | | _____ |
| | City          State      ZIP Code | _____ | | _____ |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

Debtor _____ION WORLDWIDE INC_____          Case number (if known) _16-11543_
         Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | ____ | $_____ |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| 5.2. | | | |
| Creditor's name | | ____ | $_____ |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $_____ |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None    SEE ATTACHED

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. _____ | _____ | Name _____ | ☐ Pending |
| | | Street _____ | ☐ On appeal |
| Case number | | | ☐ Concluded |
| _____ | | City      State      ZIP Code | |
| Case title | | Court or agency's name and address | |
| 7.2. _____ | _____ | Name _____ | ☐ Pending |
| | | Street _____ | ☐ On appeal |
| Case number | | | ☐ Concluded |
| _____ | | City      State      ZIP Code | |

ION Worldwide, Inc.

Schedule 207 - Part 3; Item 7


IMG UK vs. ION Worldwide and ION America
File LM-2016-000007
London, England
Judgment entered

James Conover vs. ION Worldwide, ION America, Giovanni Tomaselli, Maria McCabe
File – unknown
New Jersey
Pending

Debtor  _I oN WorldWIDE INC_____    Case number (if known) _16 - 11543_____
        Name

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | Case title | Court name and address |
| Street | | Name |
| | Case number | Street |
| City        State        ZIP Code | | |
| | Date of order or assignment | City        State        ZIP Code |

---

### Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| | | | |
| 9.2. Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |

---

### Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |
| | _____ | _____ | $_____ |

Debtor _____*Ion Worldwide Inc*_____     Case number *(if known)* __16-11543__
　　　　　　　Name

## Part 6:　Certain Payments or Transfers

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City　　　　State　　ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City　　　　State　　ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

Debtor _____ ION WORLDWIDE INC _____    Case number (if known) _16 - 11543_
          Name

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | Street _____ | | | |
| | _____ | | | |
| | City _____ State ___ ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | Street _____ | | | |
| | _____ | | | |
| | City _____ State ___ ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

### Part 7:    Previous Locations

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1. | 513 SOUTH LENOLA ROAD | | From 3/1/14 | To PRESENT |
| | Street SUITE 208 | | | |
| | MOORESTOWN   City    NJ   08057   State   ZIP Code | | | |
| 14.2. | Street _____ | | From _____ | To _____ |
| | _____ | | | |
| | City _____ State ___ ZIP Code | | | |

---

Debtor   ___Ion Worldwide Inc___                      Case number *(if known)*  16-11543
         Name

---

### Part 8:   Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ Facility name | _____ | _____ |
| _____ Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. _____ | **How are records kept?** *Check all that apply:* ☐ Electronically ☐ Paper |
| _____ City   State   ZIP Code | _____ | |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2. _____ Facility name | _____ | _____ |
| _____ Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. _____ | **How are records kept?** *Check all that apply:* ☐ Electronically ☐ Paper |
| _____ City   State   ZIP Code | _____ | |

---

### Part 9:   Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor _Ion Worldwide Inc_
Name

Case number *(if known)* _16-11543_

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. Name / Street / City State ZIP Code | XXXX–__ __ __ __ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other____ | | $_____ |
| 18.2. Name / Street / City State ZIP Code | XXXX–__ __ __ __ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other____ | | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name / Street / City State ZIP Code | Address | | ☐ No ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name / Street / City State ZIP Code | Address | | ☐ No ☐ Yes |

Debtor ___ION WORLDWIDE INC___    Case number *(if known)* ___16-11543___
      Name

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

▪ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

▪ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

▪ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

Debtor _ION WORLDWIDE INC_    Case number (if known)_16-11543_
     Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None    SEE ATTACHED

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____ To _____ |
| 25.2. | Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____ To _____ |
| 25.3. | Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____ To _____ |

ION Worldwide Inc

Schedule 207 – part 13; item 25

World Wide Licenses Ltd – affiliate/subsidiary; procurement of product for resale; Dec 12-present
Suite D, 16/F
On Hing Building
1 On Hing Terrace
Central, Hong Kong

iON Cameras Limited – affiliate/subsidiary; sales into  Europe, Middle East, Africa; Dec 12-present
Suite 4-6, Innovation Centre
Longbridge Technology Park
1 Devon Way
Birmingham, B31 2TS United Kingdom

ION America LLC – affiliate/subsidiary; sales into North, South and Central America; Dec 12-present; EIN
46-1502612
513 South Lenola Road
Suite 208
Moorestown, NJ 08057

Debtor    _Ion WorldWide Inc_____    Case number *(if known)* _16-11543_____
      Name

---

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. **CHRISTOPHER OADWAY** <br>Name<br> **513 SOUTH LENOLA ROAD** <br>Street<br> **SUITE 208** <br> **MOORESTOWN**    **NJ**    **08057** <br>City    State    ZIP Code | From **4/14/14**  To **PRESENT** |

| Name and address | Dates of service |
|---|---|
| 26a.2. <br>Name<br> <br>Street<br> <br>City    State    ZIP Code | From _____  To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. **CHRISTOPHER OADWAY** <br>Name<br> **SAME** <br>Street<br> <br>City    State    ZIP Code | From **4/14/14**  To **PRESENT** |

| Name and address | Dates of service |
|---|---|
| 26b.2. **KENNETH KAUFMAN** <br>Name<br> **SAME** <br>Street<br> <br>City    State    ZIP Code | From **7/1/15**  To **1/31/2016** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **COMPANY** <br>Name<br> **SAME** <br>Street<br> <br>City    State    ZIP Code | _____ <br> _____ <br> _____ |

Debtor _____ _ION WORLDWIDE INC_____    Case number (if known) _16-11543_
           Name

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2. | | |
| | Name | |
| | Street | |
| | City                State        ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    SEE ATTACHED

| | Name and address |
|---|---|
| 26d.1. | |
| | Name |
| | Street |
| | City                State        ZIP Code |
| | Name and address |
| 26d.2. | |
| | Name |
| | Street |
| | City                State        ZIP Code |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |
| Name and address of the person who has possession of inventory records | | |
| 27.1.  Name | | |
| Street | | |
| City                State        ZIP Code | | |

ION Worldwide
Schedule 207 - Part 10; Item 26d

| | | |
|---|---|---|
| First Western Bank – Jeremy Nicholas | 1900 16th Street Suite 1200 Denver CO 80202 | 303-640-2401 |
| Barbara Vonderheid | 662 Highfield Trail<br>P.O. Box 9949<br>Breckenridge, CO  80424 | 303-217-7718 |
| Delavaco Holdings Inc. - Mike Galloro | 130 King Street - Suite 2210  Toronto, ON M5X-1A9 | |
| Dun and Bradstreet – Phil Belusko | 103 JFK Parkway<br>Short Hills,  New Jersey  07078 | |
| Head Waters – Darin Good | Seventeenth Street Plaza<br>1225 17th Street Suite 1725<br>Denver, Colorado 80202 | 303-549-5674 |
| KIM POV LLC – Kim Pennington | PO Box 8950<br>Breckenridge, CO 80424 | |
| King Trade Capital – Clint Stanton | 5944 Luther Lane, Suite 300<br>Dallas, Texas 75225 | |
| Merchant Factors – Ellen Shain | 1441 Broadway, 22nd Floor<br>New York, NY  10018 | 212-918-0961 |
| MNP LLP - David Danzinger | 111 Richmond St West, Suite 300, Toronto ON M5H 2G4 | |
| Reva Capital – Vageesh Naik | 45 Broadway, 8th Floor<br>New York, NY  10006 | 212-464-7363 |
| Sabine Capital – Todd Foster | 1901 N. Akard St. Dallas, Texas 75201 | (214) 579-9870 |
| Sky Light Holdings Limited - Terry Tang | Suite 1009 Kwong Sang Hong Center, 151 – 153 Hoi Bun Road, Kwun Tong, Kowloon, Hong Kong | |
| Stabilis – Mike Yaffe | 767 Fifth Avenue, 12th Floor<br>New York, NY 10153 | (212) 256-8964 |
| UBS Bank – Jamie Cohen | 1285 Avenue of the Americas<br>NY, NY 10019 | 212-821-5052 |
| Wells Fargo Bank | 600 W. Cuthbert Blvd.<br>Mail Code J2277-022<br>Haddon Twp., NJ  08108 | (856) 858-7625 |

Debtor  ION WORLDWIDE INC
        _____
        Name

Case number *(if known)*  16-11543

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

Name and address of the person who has possession of inventory records

27.2.
_____
Name

_____
Street

_____

_____
City                          State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| GIOVANNI TOMASELLI | 605 STRATFORD DRIVE MOORESTOWN NJ 08057 | CEO CHAIRMAN | _____ |
| CHRISTOPHER GATWAY | 10 BRAMLEY ROAD MOORESTOWN NJ 08057 | CFO | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**
☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| SEE ATTACHED | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?
☐ No
☒ Yes. Identify below.    SEE ATTACHED

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | | | |
| _____ Name | _____ | _____ | _____ |
| _____ Street | | | |
| _____ City    State    ZIP Code | | _____ | |
| **Relationship to debtor** | | _____ | |
| _____ | | _____ | |

ION Wordwide Inc

Schedule 207; Item 29

Maria McCabe (Board Member)
605 Stratford Drive, Moorestown, NJ 08057
12/10/2012 – 9/30/2015

Marvin Igelman (Board Member)
365 Bay Street, Suite 840, Toronto, ONTARIO M5H2V1
09/01/2015 – 01/29/2016

Andy Defrancesco (Board Member)
130 King Street, Suite 2210, Toronto, ONTARIO M5X-1A9
07/07/2015 – 01/29/2016∫

Ken Kaufman (CFO)
1339 N. 2450 W, Lehi, UT 84043
07/01/2015 – 01/27/2016

James Harrison (Board Member)
5161 Collins Ave, Apt 201, Miami Beach, FL 33140
07/01/2015 – 02/05/2016

James Clarke (Board Member)
5152 Edgewood Dr, Ste 375, Provo, UT  84604
07/01/2015 – 12/29/2015

Archie Cox Jnr. (Board Member)
768 Hunter Creek Road, Aspen CO, 81611
10/23/2015 – 01/29/2016

ION Wordwide Inc

Schedule 207; Item 30

Marvin Igelman (Board Member)
365 Bay Street, Suite 840, Toronto, ONTARIO M5H2V1
912,500 shares issued on or about 7/1/15 as board compensation and deal origination commission

Andy Defrancesco (Board Member)
130 King Street, Suite 2210, Toronto, ONTARIO M5X-1A9
3,075,000 shares issued on or about 7/1/15 as board compensation and deal origination commission

James Harrison (Board Member)
5161 Collins Ave, Apt 201, Miami Beach, FL 33140
500,000 shares issued on or about 7/1/15 as board compensation

Debtor   *ION WORLDWIDE INC*                          Case number (if known)  16 - 11543

---

| Name and address of recipient | | | | | | |
|---|---|---|---|---|---|---|
| 30.2 | | | | | _____ | _____ |
| Name | | | | | | |
| Street | | | | | _____ | |
| City | | State | ZIP Code | | _____ | |
| Relationship to debtor | | | | | _____ | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: __ __ - __ __ __ __ __ __ __ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ - __ __ __ __ __ __ __ |

---

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07 / 19 / 2016
             MM / DD / YYYY

✗ _____          Printed name  CHRISTOPHER OATWAY
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  CFO

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☒ Yes  WITHIN

---

Fill in this information to identify the case and this filing:

Debtor Name ___iON Worldwide Inc._____

United States Bankruptcy Court for the: _____ District of __DE___
                                                                        (State)
Case number (If known): ___16-11543_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07 25 2016__
                MM / DD / YYYY

✗ _____
   Signature of individual signing on behalf of debtor

Chris Oatway
Printed name

Chief Financial Officer
Position or relationship to debtor